UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THURMAN C. BURGESS,

    Petitioner,

-vs-                                          Case No. 8:05-cv-1844-T-27TGW

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner's, Thurman Burgess (hereinafter "Burgess"), 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1). Burgess challenges his convictions and sentences entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

## BACKGROUND

On August 28, 2003, Burgess was adjudicated guilty of possession of cocaine, sale of cocaine, and grand theft, and he was sentenced to 15 years incarceration on the sale of cocaine charge, and 5 years incarceration on the possession of cocaine and grand theft charges, with both sentences to run concurrent with the sale of cocaine sentence (Dkt. 8, Ex. 5). Burgess did not file a direct appeal.

On February 17, 2004, Burgess filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. Rule 3.800(a) (Dkt. 8, Ex. 6). On April 6, 2004, the state trial court denied Burgess's

Rule 3.800(a) motion (Dkt. 8, Ex. 7). Burgess did not appeal the denial of his Rule 3.800(a) motion.

Next, on November 14, 2004, Burgess filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. Rule 3.850 (Dkt. 8, Ex. 8). On December 15, 2004,[1] the state trial court dismissed Burgess's Rule 3.850 motion (Dkt. 8, Ex. 9). Burgess appealed, and on June 24, 2005, the state district court of appeal per curiam affirmed the denial of Rule 3.850 relief in case no. 2D05-383 (Dkt. 8, Ex. 10); *see Burgess v. State*, 907 So. 2d 523 (Fla. 2nd DCA 2005) [table]. The appellate court's mandate issued August 1, 2005 (Dkt. 8, Ex. 11).

Burgess signed the present pro se 28 U.S.C. § 2254 petition for writ of habeas corpus on September 28, 2005 (Dkt. 1 at 17). Respondent filed a response to the petition in which Respondent argues, *inter alia*, that the petition should be dismissed as time-barred (Dkt. 7). Burgess has filed a reply to Respondent's response (Dkt. 11).

## DISCUSSION

The present petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. Under 28 U.S.C. § 2244(d)(1), persons in custody pursuant to a judgment of a state court may file petitions for habeas corpus within one year of any of four dates specified by the statute. The time during which a properly filed, application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[1] The order denying Burgess's Rule 3.850 motion is dated December 15, 2005 (Dkt. 8, Ex. 9 at 2). However, this is clearly a typographical error as the order was stamped as filed with the Clerk of the Court on December 17, 2004 (Id. at 1), and the appellate court's affirmance of the denial of Burgess's Rule 3.850 motion is dated June 24, 2005, and the mandate issued on August 1, 2005 (Dkt. 8, Exs. 10-11). Moreover, Burgess alleges in his petition that the state trial court denied his Rule 3.850 motion on December 15, 2004 (Dkt. 1 at 4).

shall not be counted toward the limitation period. 28 U.S.C. § 2244(d)(2).

For purposes of 2244(d), Burgess's state judgment became final September 27, 2003, thirty (30) days after judgment was entered on August 28, 2003.[2] Thus, his AEDPA limitations period commenced September 28, 2003.

A period of 141 days of the one-year period elapsed between September 28, 2003, and February 17, 2004, when Burgess file his Rule 3.800(a) motion. Burgess's Rule 3.800(a) motion was denied on April 6, 2004, and was pending until May 6, 2004, when the time to appeal the denial of the motion expired. A period of 190 days of the one-year period elapsed between May 7, 2004, and November 14, 2004, when Burgess filed his Rule 3.850 motion. Burgess's Rule 3.850 motion remained pending until issuance of the mandate in the ensuing collateral appeal on August 1, 2005. Thereafter, an additional 57 days elapsed before Burgess signed the present federal petition on September 28, 2005. Burgess's one-year limitation period for filing a timely petition was not tolled for 388 days (141 + 190 + 57). Thus, the present petition is untimely.

**EQUITABLE TOLLING**

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(because Respondent assumed equitable tolling applied and because Petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held that equitable tolling can be applied to

---

[2] In Florida, a criminal defendant has 30 days from the date judgment is entered to file a notice of appeal. *See* Fla R. App. P. 9.110(b); *see also Bridges v. Johnson*, 284 F.3d 1201, 1202-03 (11th Cir. 2002) (holding that judgment and sentence become final on date time for seeking direct review in state court expires); *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988).

3

prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)(holding equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence).

It appears Burgess does not dispute the federal petition is untimely. However, in his reply to the Respondent's response, Burgess states "Respondent stated my habeas was untimely. Do [sic] to my mental illness and the librarain [sic] at Jefferson C.I. not opening the law library as he should, that may be true." (Dkt. 11).

Burgess's allegations, as stated, are insufficient to establish entitlement to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Moreover, as noted by the Eleventh Circuit Court of Appeals, the doctrine of equitable tolling is an extraordinary remedy which is typically applied sparingly. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Some courts have recognized that mental incompetence may support equitable tolling of a limitation period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). However, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). *See also Price v. Lewis*, 119 Fed. Appx. 725, 2005 WL 23371 (6th Cir.

2005) ("Illness-mental or physical-tolls the statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."), *cert. denied*, 546 U.S. 886 (2005). The mere fact that Petitioner may have suffered and/or now suffers from mental impairments, without more, is not sufficient to justify equitable tolling. *Lawrence*, 421 F.3d at 1227; *Lake v. Arnold*, 232 F.3d 360, 371 (3rd Cir. 2000). Petitioner's allegations fall well short of establishing mental incompetence which prevented him from submitting his habeas petition in a timely fashion.

Moreover, Petitioner's vague claim that the librarian at his prison did not open "the law library as he should" does not establish extraordinary circumstances warranting equitable tolling of the limitation period. *See Akins v. United States,* 204 F.3d 1086, 1089-90 (11th Cir. 2000)("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."); *see also Drew*, 297 F.3d at 1292-93(conclusory allegations are insufficient to support a claim that equitable tolling is appropriate).

Finally, even if the petition were not time-barred, a review of the record demonstrates that Petitioner's claims are procedurally barred and have no merit. Respondent's arguments and citations on the merits of the claims and on the procedural bar issue are persuasive, and the Court adopts and incorporates the arguments on each of the claims herein.

## CONCLUSION

Burgess's federal habeas petition is untimely, and he fails to demonstrate he is entitled to equitable tolling. Moreover, his claims are procedurally barred and have no merit. Therefore, his petition will be denied.

Accordingly, the Court **ORDERS** that:

5

1. Burgess's petition (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Burgess, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on _April 30th_, 2008.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Petitioner *pro se*